# EXHIBIT A

FILED: NEW YORK COUNTY CLERK 03/05/2018 12:56 PM
INDEX NO. 151959/2018
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 03/05/2018

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.: 151959/18
Date Purchased: 03/05/18

---------------------------------------------------------X

JOAN LOGUE

Plaintiff,

-against-

WHOLE FOODS MARKET GROUP, INC.

Defendant(s).

---------------------------------------------------------X

## SUMMONS

Plaintiff designates New York County as the place of trial.

The basis of venue is: Place of Occurrence

Plaintiff(s) resides at:
1270 Fifth Avenue
New York, New York

County of New York

**To the above named Defendant(s):**

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: BROOKLYN, NEW YORK
March 4, 2018

Raymond A. Raskin
RAYMOND A. RASKIN, ESQ.
Attorney for Plaintiff
186 Joralemon Street, Suite 701
Brooklyn, New York 11201
(718) 875-2060

TO: WHOLE FOODS
C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

# NYSCEF - New York County Supreme Court
## Confirmation Notice

This is an automated response for Supreme Court cases. The NYSCEF site has received your electronically filed documents for the following case.

**151959/2018**

**LOAN LOGUE - v. - WHOLE FOODS MARKET GROUP, INC.**

**Assigned Judge: None Recorded**

### Documents Received on 03/05/2018 12:56 PM

| Doc # | Document Type | Motion # |
|---|---|---|
| 1 | SUMMONS + COMPLAINT<br>Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |

### Filing User

| | | | |
|---|---|---|---|
| Name: | Raymond Alan Raskin | | |
| Phone #: | | E-mail Address: | ray@rayraskinlaw.com |
| Fax #: | | Work Address: | 186 Joralemon St Ste 701<br>Brooklyn, NY 11201 |

### E-mail Notifications

An e-mail notification regarding this filing has been sent to the following address(es) on 03/05/2018 12:56 PM:

RASKIN, RAYMOND ALAN - ray@rayraskinlaw.com

**NOTE: If submitting a working copy of this filing to the court, you must include as a notification page firmly affixed thereto a copy of this Confirmation Notice.**

Hon. Milton A. Tingling, New York County Clerk and Clerk of the Supreme Court
Phone: 646-386-5956 Website: http://www.nycourts.gov/courts/1jd/supctmanh/county_clerk_operations.shtml

NYSCEF Resource Center - EFile@nycourts.gov
Phone: (646) 386-3033 Fax: (212) 401-9146 Website: www.nycourts.gov/efile

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------X

JOAN LOGUE,

Plaintiff,

-against-

WHOLE FOODS MARKET GROUP, INC.,

Defendant.

-----------------------------------------------------------X

Index No.: 151959/18

Date Purchased: 03/05/18

**VERIFIED COMPLAINT**

Plaintiff, by her attorney, **RAYMOND A. RASKIN, ESQ.**, complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

**AS AND FOR A FIRST CAUSE OF ACTION**

1. At the time of the commencement of this action, Plaintiff was a resident of the County of New York, State of New York.

2. At all times mentioned herein, the Defendant, WHOLE FOODS MARKET GROUP, INC., was a domestic corporation.

3. That at all times herein mentioned, the defendant, WHOLE FOODS MARKET GROUP, INC., was a foreign corporation.

4. That at all times herein mentioned, the defendant, WHOLE FOODS MARKET GROUP, INC., maintains a place of business in New York.

5. That at all times herein mentioned, defendant WHOLE FOODS MARKET GROUP, INC. the owned the premises known as 250 Seventh Avenue, New York, New York, hereinafter "the premises".

6. That at all times herein mentioned, defendant WHOLE FOODS MARKET GROUP, INC., operated those portions of the premises known as WHOLE FOODS MARKET.

7. That at all times herein mentioned, defendant WHOLE FOODS MARKET GROUP, INC., managed those portions of the premises known as WHOLE FOODS MARKET.

8. That on August 8, 2017, there existed at the premises an organic whole almond dispenser.

9. That on August 8, 2017, there existed at the premises a dispenser for organic whole almonds for use by patrons of the market.

10. That at all times hereinafter mentioned, the organic whole almond dispenser was owned by the defendant.

11. That at all times hereinafter mentioned, the organic whole almond dispenser was operated by the defendant.

12. That at all times hereinafter mentioned, the organic whole almond dispenser was controlled by the defendant.

13. That at all times hereinafter mentioned, the organic whole almond dispenser was maintained by the defendant.

14. That on August 8, 2017, plaintiff attempted to dispense almonds from the aforesaid dispenser when it came loose from its base and fell onto the plaintiff.

15. That the dispenser was mounted above eye level increasing the danger of falling onto a customer using the dispenser

16. Plaintiff claims the Defendant was negligent in failing to safely and properly maintain the dispenser in its premises in a reasonably safe condition, in maintaining the dispenser in a dangerous and defective condition; in failing to properly

repair the dispenser and maintain it so it would operate properly and not detatch from its base; in maintaining the premises in a dangerous condition; in causing the Plaintiff to be injured due to defective and dangerous conditions existing in the store, in failing to erect warnings to warn customers of the dangers in operating a whole almond dispenser, in failing to erect signs or warnings to warn the Plaintiff of the dangerous condition, in mounting the dispenser at a height that would increase the risk of injury to customers using the dispenser should it fall, in failing to properly secure the dispenser to prevent its falling from its elevated position; in failing to properly inspect the dispenser and make proper repairs to provide a secure mount and in otherwise failing to keep the premises and more particularly the whole almond dispenser in a reasonably safe condition and in creating a private and public nuisance.

17. The above mentioned occurrence, and the results thereof, were caused by the negligence of the defendant and/or said defendant's agents, servants, employees and/or licensees in the ownership, operation, management, control and maintenance of the aforesaid premises and the whole almond dispenser thereat.

18. That no negligence on the part of the plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

19. That because of the above stated negligence, plaintiff JOAN LOGUE was caused to sustain serious injuries requiring shoulder surgery, and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, plaintiff was, and will

continue to be, rendered unable to perform plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

20. That by reason of the foregoing, the plaintiff was damaged in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, the plaintiff demands judgment against the defendant(s), in an amount exceeding the jurisdictional limits of all lower courts, together with such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
March 4, 2018

Yours, etc.

*Raymond A. Raskin*

RAYMOND A. RASKIN, ESQ.
Attorney for Plaintiffs
186 Joralemon Street, Suite 701
Brooklyn, New York 11242
(718) 875-2060

## ATTORNEY'S VERIFICATION

**RAYMOND A. RASKIN**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at RAYMOND A. RASKIN, ESQ., attorneys of record for Plaintiff, and have read the annexed

**VERIFIED COMPLAINT**

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff(s) is that Plaintiff(s) is/are not presently in the county wherein the attorneys for the Plaintiff(s) maintain their offices.

DATED: Brooklyn, New York
March 4, 2018

*Raymond A. Raskin*
RAYMOND A. RASKIN

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

JOAN LOGUE

Plaintiff,

-against-

WHOLE FOODS MARKET GROUP, INC.

Defendant.

**SUMMONS AND VERIFIED COMPLAINT**

**LAW OFFICES**
**RAYMOND A. RASKIN, ESQ.**
**Attorney for Plaintiff**
**Office and Post Office Address, Telephone**
**186 Joralemon Street, 701**
**Brooklyn, New York 11201**
**718-875-2060**

**I the undersigned an attorney duly admitted to practice before the Courts of the State of New York, state:**
**I certify that, to the best of my knowledge, information and belief formed after a reasonable inquiry under the circumstances, the presentation of the paper listed above or contentions herein are not frivolous as defined in section 130-1.1(c)**

Raymond A. Raskin
RAYMOND A. RASKIN

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efile-unrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: 03/05/2018

Signature

Name

RAYMOND RASKIN ESQ
Firm Name

186 JORALEMON STREET, SUITE 701
Address

BROOKLYN

Phone

E-Mail

To: WHOLE FOODS MARKET GROUP, INC.
C/O CT CORPORATION SYSTEM
NEW YORK

9/3/15

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** NEW YORK
----------------------------------------------------------------x

JOAN LOGUE

Plaintiff/Petitioner,

- against - Index No. 151959/2018

WHOLE FOODS MARKET GROUP, INC.

Defendant/Respondent.
----------------------------------------------------------------x

**NOTICE OF COMMENCEMENT OF ACTION**
**SUBJECT TO MANDATORY ELECTRONIC FILING**

PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing). This notice is being served as required by that rule.

NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.

Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

**Parties represented by an attorney:** An attorney representing a party who is served with this notice must either: 1) immediately record his or her representation within the e-filed matter on the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

**Parties not represented by an attorney: Unrepresented litigants are exempt from e-filing. They can serve and file documents in paper form and must be served with documents in paper form.** However, an unrepresented litigant may participate in e-filing.