# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

JOAN LOGUE,

Plaintiff,

-against-

WHOLE FOODS MARKET GROUP, INC.,

Defendant.

Index No. 151959/2018

**VERIFIED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT WHOLE FOODS MARKET GROUP, INC.**

Defendant Whole Foods Market Group, Inc. ("Whole Foods"), by and through its attorneys, Greenberg Traurig, LLP, as and for its Answer and Affirmative Defenses to the Verified Complaint dated March 5, 2018, (the "Complaint") of plaintiff Joan Logue ("Plaintiff"), alleges as follows:

## RESPONSE TO ALLEGATIONS OF THE COMPLAINT

## ANSWERING THE FIRST CAUSE OF ACTION

1. Whole Foods denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint, and therefore denies such allegations.

2. Whole Foods denies the allegations of paragraph 2 of the Complaint.

3. Whole Foods admits the allegations of paragraph 3 of the Complaint.

4. Whole Foods admits the allegations of paragraph 4 of the Complaint.

5. Whole Foods denies the allegations of paragraph 5 of the Complaint.

6. Whole Foods denies the allegations of paragraph 6 of the Complaint, except admits that at all relevant times it operated a grocery store located at 250, 7th Avenue, New York NY 10001 (the "Whole Foods Store").

7. Whole Foods denies the allegation of paragraph 7 of the Complaint, except admits that at all relevant times it managed the Whole Foods Store.

8. Whole Foods denies the allegations of paragraph 8 of the Complaint.

9. Whole Foods admits the allegations of paragraph 9 of the Complaint, except avers that the dispenser dispensed organic almonds for the public to purchase at the Whole Foods Store.

10. Whole Foods admits the allegations of paragraph 10 of the Complaint.

11. Whole Foods admits the allegations of paragraph 11 of the Complaint.

12. Whole Foods denies the allegations of paragraph 12 of the Complaint.

13. Whole Foods admits the allegations of paragraph 13 of the Complaint

14. Whole Foods denies the allegations of paragraph 14 of the Complaint.

15. Whole Foods denies the allegations of paragraph 15 of the Complaint.

16. Whole Foods denies the allegations of paragraph 16 of the Complaint.

17. Whole Foods denies the allegations of paragraph 17 of the Complaint.

18. Whole Foods denies the allegations of paragraph 18 of the Complaint.

19. Whole Foods denies the allegations of paragraph 19 of the Complaint.

20. Whole Foods denies the allegations of paragraph 20 of the Complaint.

## AS TO PLAINTIFF'S DEMAND FOR RELIEF

Whole Foods denies that Plaintiff is entitled to any of the relief sought in the Complaint.

## AFFIRMATIVE DEFENSES

By alleging the matters set forth below, Whole Foods does not allege or admit that it has the burden of proof and/or burden of persuasion with respect to any of the matters. Whole Foods asserts these Affirmative Defenses based upon information presently available and in

order to avoid waiver. Whole Foods reserves the right to withdraw any of these Affirmative Defenses and/or to assert claims against other parties as further information becomes available.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Court lacks subject matter jurisdiction.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are, or may be, barred, in whole or part, by the applicable statutes of limitations and repose.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are, or may be, barred, in whole or part, by the doctrines of laches, waiver, estoppel and/or unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to any form of equitable relief.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff has not suffered any damages, or in the alternative, any damages that she may have suffered were caused by her own acts, negligence and/or omissions and/or or by preexisting conditions and/or by intervening or superseding causes and/or by other persons, entities, forces, and/or things over which Whole Foods had no control and for which Whole Foods is not responsible.

**SEVENTH AFFIRMATIVE DEFENSE**

Whole Foods is free of any and all negligence, including any and all sole negligence.

**EIGHTH AFFIRMATIVE DEFENSE**

The conduct of Whole Foods alleged in the Complaint does not constitute the proximate, legal, efficient and/or producing cause of Plaintiff's injuries and damages, if any.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred for failure to mitigate any losses or damages she allegedly suffered.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Plaintiff has not suffered any actual injury, any legally cognizable injury, or any damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or part, by the culpable conduct, contributory negligence, incurred risk, comparative fault, and/or the fault of Plaintiff and/or third parties over whom Whole Foods had no control such that Plaintiff cannot recover in this action or the damages, if any, should be diminished, indemnified, remunerated and/or compensated in proportion to the amount of culpability attributable to Plaintiff and/or said third parties.

**TWELFTH AFFIRMATIVE DEFENSE**

If any liability is found as against Whole Foods, then said liability will constitute 50% or less of the total liability assigned to all persons liable, and, as such, the liability of Whole Foods to Plaintiff for non-economic loss shall be limited and shall not exceed Whole Foods' equitable share, as provided in Article 16 of the CPLR.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The amount of any recovery by Plaintiff must be reduced by the amount Plaintiff has been or will be reimbursed, indemnified, remunerated, and/or compensated for loss, pursuant to CPLR 4545.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's recovery is, or may be, barred by the doctrine of avoidable consequences and/or by her voluntary assumption of the risk.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's recovery is, or may be, barred by doctrines of preclusion, including res judicata and/or collateral estoppel.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's alleged injuries and damages did, or may have, pre-existed the events alleged in the Complaint and/or were caused by and/or exacerbated by pre-existing condition(s).

**WHEREFORE,** Whole Foods respectfully requests that Plaintiff's Complaint be dismissed with prejudice, that judgment be entered in Whole Foods' favor and that Whole Foods be awarded its attorneys' fees, costs, and expenses in this Action and such other and further relief that the Court deems just and proper.

Dated: New York, New York
April 23, 2018

GREENBERG TRAURIG, LLP

By: /s/ Timothy E. Di Domenico
Timothy E. Di Domenico
Jonathan R. Cyprys

445 Hamilton Avenue, 9th Floor
White Plains, NY 10601
Tel: 212.801.2127
Fax: 212.224.6104
Email: didomenicot@gtlaw.com
cyprysj@gtlaw.com

*Attorneys for Defendant*
*Whole Food Market Group, Inc.*

**ATTORNEY'S VERIFICATION**

STATE OF NEW YORK )<br>
) ss:<br>
COUNTY OF WESTCHESTER )

JONATHAN R. CYPRYS, being duly sworn, on oath, deposes and states as follows:

I am a member of the Bar of the State of New York and an Associate with Greenberg Traurig, LLP, attorneys for Defendant Whole Foods Market Group, Inc. in this proceeding. I have read the foregoing Verified Answer and Affirmative Defenses and know the contents thereof to be true, except for those allegations made on information and belief, and for those I know them to be true to the best of my knowledge. The grounds for my belief as to all of the foregoing are the representations of Whole Foods Market Group, Inc. and my review of relevant documents of Whole Foods Market Group, Inc. The reason this Verification is made by me rather than by Whole Foods Market Group, Inc. is because Whole Foods Market Group, Inc.is not located in the County where I maintain my office.

Dated: White Plains, New York<br>
April 23, 2018

By: ______________________<br>
Jonathan R. Cyprys

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

JOAN LOGUE,

Plaintiff,

-against-

WHOLE FOODS MARKET GROUP, INC.,

Defendant.

Index No. 151959/2018

**AFFIRMATION OF SERVICE**

JONATHAN R. CYPRYS, an attorney duly admitted to practice law in the State of New York, affirms the following under the penalties of perjury:

1. I am an Associate with Greenberg Traurig, LLP at 445 Hamilton Avenue, 9th Floor, White Plains, New York 10601, attorneys for defendant Whole Foods Market Group, Inc., in the above-captioned action.

2. On April 23, 2018, I served a true and correct copy of the annexed Verified Answer and Affirmative Defenses of Whole Foods Market Group, Inc. in the above-captioned matter on:

Raymond A. Raskin, Esq.
186 Joralemon Street, Suite 701
Brooklyn, New York 11242
(718) 875-2060

*Attorney for Plaintiff Joan Logue*

by depositing a true copy thereof, in a postage-paid, properly addressed wrapper for first class mail delivery, under the exclusive care and custody of the United States Post Office in the of

New York, to the above address designated by said attorney for that purpose.

Dated: White Plains, New York
April 23, 2018

Jonathan R. Cyprys